IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,

                Respondent.

      v.

NATHAN RAE HUBER,

                Appellant.

No. 83256-5-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — Nathan Huber appeals from the judgment and sentence entered upon his jury conviction of one count of kidnapping in the second degree with sexual motivation. The trial court imposed a sentence of life without the possibility of parole under the sex offense—or "two strikes"—provision of the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981, chapter 9.94A RCW. The predicate "strike" was a 1998 Jefferson County Superior Court conviction for an offense Huber committed as a juvenile. The State acknowledges that it "did not provide the trial court with the relevant juvenile records to establish that Huber's 1998 offense was validly declined to adult court." It thus concedes that the evidence was insufficient to support the trial court's finding that Huber is a persistent offender.

We accept the State's concession. *Cf. State v. Saenz*, 175 Wn.2d 167, 175-76, 283 P.3d 1094 (2012) (where State relies on defendant's prior conviction as a juvenile in adult court to seek a persistent offender sentence, it must prove "that either there was a decline hearing or the hearing was properly waived *and* the juvenile court entered

written findings that transfer of the case was in either [the defendant]'s or the public's best interest" (footnote omitted)).    Accordingly, we reverse Huber's sentence and remand to the trial court for resentencing.[1]

Reversed and remanded.

FOR THE COURT:

Duyn, J.

Díaz, J.

Coburn, J.

---

[1] Because we reverse Huber's sentence on the basis stated, we need not and do not consider Huber's other challenges to his sentence, including his challenge to the victim penalty assessment, the imposition of which the trial court may reconsider on remand.